**In re FOX.**

No. 24431.

District Court, D. New Jersey.

Oct. 2, 1936.

See, also, 16 F.Supp. 950.

Wm. Elmer Brown, Jr., of Atlantic City, N. J., for trustee.

Riggins & Davis, of Camden, N. J., for All Continent Corporation.

AVIS, District Judge.

The trustee in the above bankruptcy case has filed a petition, the prayer of which is to restrain All Continent Corporation (hereinafter called Corporation) from further prosecution of a certain equity action instituted by Corporation against John S. Wynn et al., trading as J. W. Sparks & Co., Capital Company, and Hiram Steelman, trustee appointed in this action. The object of the suit is to recover certain securities in possession of Sparks & Co., which Corporation alleges to be its property. Capital Company is made a defendant because it has a judgment entered of record in the United States District Court for the Southern District of New York in the sum of $297,412.91 against William Fox, and is attempting to discover assets of bankrupt. The Capital Company has issued a subpœna against Sparks & Co., designated under the procedure as a "third party subpœna," which has indorsed upon it a restraint against Sparks & Co. from transferring any property belonging to the judgment debtor, who is William Fox, until the further order of the court. It is claimed in the bill of complaint that under these circumstances Sparks & Co. refused to deliver the securities to Corporation. It is further claimed that Hiram Steelman, as trustee, has appeared in this court and approved, or joined in, an application to permit the suit in the New York District Court to be continued, and that therefore the said trustee is also claiming an interest in the securities aforesaid. No proof was offered as to this fact, nor is any law or case argued or submitted to the court to sustain the contention that such action on the part of the trustee, if true, makes the trustee a party sufficient to justify his inclusion as a defendant in the Pennsylvania court. The trustee has asserted that he has not made any claim on Sparks & Co. for the securities.

William Fox was adjudicated bankrupt on his voluntary petition on May 29, 1936,

and subsequently Hiram Steelman was appointed trustee. Since that time, on application of certain creditors, Robert E. Steedle, referee, to whom the matter was referred, has issued an order for examination of certain parties under section 21a of the Bankruptcy Act (11 U.S.C.A. § 44(a), and considerable testimony has been taken under that order. It is not necessary in the instant proceeding that this testimony should be closely reviewed or analyzed. It is sufficient to state that a grave question has arisen as to whether the property and assets of Corporation actually belong to the bankrupt. If eventually it is found that it does, the title to the securities involved in the suit in the United States District Court for the Eastern District of Pennsylvania would be in bankrupt, and should be administered in the bankruptcy proceedings in this court.

It is apparent from reading the bill of complaint that the effort of Corporation in that suit is to force the trustee to appear and litigate the entire question now before this court in the bankruptcy proceedings; that is, whether actually the property and assets of Corporation belong to the bankrupt. Such litigation as against Corporation, if ultimately deemed advisable, ought to be conducted by trustee after there has been a full and complete disclosure of the facts in the 21(a) examinations.

 An examination of the cases demonstrates that creditors are entitled to have the assets of a bankrupt administered in the bankruptcy court. Any interference therewith may be restrained until that court has fully administered the assets. Especially is this so if the pendency or determination of an action will interfere with the proper and speedy enforcement of the act or tend to embarrass the court.

Counsel for Corporation challenges the jurisdiction of the court on the ground that the instant proceeding is summary, and asserts that the trustee should proceed in a plenary suit. Numerous cases are cited, but none of them is pertinent to the issue. They all involve the question of title to property claimed by the representative of the bankrupt's estate, which is in possession of a third party. In such instances the action must be by plenary suit, unless the claim of the third party appears to be only colorable, when it may be determined in a summary manner.

The petition of trustee in the instant case makes no direct claim of property as against Sparks & Co. The statements indicate that his claim is against the Corporation. He is not presently interested in the possession of the securities so long as his ultimate rights, if he has any, against the Corporation, are preserved.

The action in the court in Pennsylvania was commenced on September 8, 1936, long after this court had jurisdiction of the bankrupt's estate, and whether leave of court was required before the institution of the action I deem to be immaterial.

However, I am satisfied that to require the trustee to appear and defend that suit, with the bankruptcy proceedings in their present state, would interfere materially with proper administration.

I do not believe that I can restrain action of the Corporation against the other defendants, but I deem it my duty to restrain the Corporation as to further prosecution of its action against the trustee in bankruptcy.

Order accordingly.